UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ANTHONY VIRGINELLI,

        Plaintiff,

v.          No.

ARMOR CORRECTIONAL HEALTH SERVICES, INC.,

        Defendant.

## COMPLAINT

The plaintiff, Anthony Virginelli, states the following as his complaint against the defendant, Armor Correctional Health Services, Inc. [hereinafter Armor Correctional]

1. At all times relevant, the plaintiff, Anthony Virginelli, was a citizen of the State of Illinois.

2. At all times relevant and on information and belief, the defendant, Armor Correctional was a Florida corporation with its principal offices at 4960 S.W. 72nd Avenue, Suite 400, Miami, Florida.

### *Jurisdiction*

3. Jurisdiction over the claims associated with the defendant, Armor Correctional arises from diversity jurisdiction pursuant to 28 U.S.C. § 1332.

4. Jurisdiction over the respondent-in-discovery procedure, 735 ILCS 5/2-402, Count II, also may arise from supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

### *Common Allegations*

5. On and after December 11, 2017 and at all times relevant, Anthony Virginelli was a prisoner within the Lake County jail.

6. On and after December 11, 2017 and at all times relevant, Armor Correctional provided all medical, nursing, pharmacy, and associated care and services to inmates at the Lake County jail.

7. At all times relevant, Armor Correctional was a medical-service corporation that expressly and implicitly informed and represented to the public, generally, and to the Lake County Sheriff's department and Anthony Virginelli, specifically, that it possessed the requisite skill, competence, know-how, services, equipment, information, and systems and retained on its staff physicians, pharmacists, nurses, and support personnel who were reasonably qualified to provide proper-and-reasonable medical care, nursing care, pharmacy care, associated care, and supervision of medical care, nursing care, pharmacy care, and associated care to the public, generally, and to inmates of the Lake County jail and Anthony Virginelli, specifically.

## I
### *Negligence*

8. At all times relevant, Anthony Virginelli required treatment with medications, including blood-pressure medication, on a daily basis for his medical conditions, which included high blood pressure.

9. At all times relevant, Armor Correctional owed Anthony Virginelli the duty of reasonable care.

10. At all times relevant, Armor Correctional negligently and deviated from the standard of reasonable care by each of the following wrongful acts and omissions:

   a. it failed to provide the medications to Anthony Virginelli that he required;

   b. it failed to understand the need of Anthony Virginelli for daily use of his medications;

  c. its staff failed to communicate to other staff the nature of Anthony Virginelli's medications and his need for their daily use;

  d. it failed to require evaluation of prisoners' medications upon arrival and thereafter while prisoners at the Lake County jail;

  e. it failed to supervise properly and reasonably its staff at the Lake County jail regarding evaluation and administration of a prisoners' medications upon arrival and thereafter while prisoner at the Lake County jail;

  e. it failed to confirm its staff's understanding and compliance with its rules, regulations, and directives regarding evaluation and administration of a prisoners' medications upon arrival and thereafter while prisoners at the Lake County jail; and

  f. it failed to have proper-and-reasonable systems in place to identify and administer the medications that prisoners required upon arrival and thereafter while prisoners at the Lake County jail.

11. As a direct and proximate cause of each of the following wrongful acts and omissions, Anthony Virginelli was injured and incurred expense.

WHEREFORE, Anthony Virginelli asks for damages against Armor Correctional Health Services, Inc. in an amount in excess of $75,000.00 and costs.

## II
### *Respondents In Discovery, 735 ILCS 5/2-402*

12. At all times relevant, Jeff Vistan provided care to Anthony Virginelli while he was a prisoner within the Lake County jail.

13. Pursuant to 735 ILCS 5/2-402, Anthony Virginelli's counsel believes that Jeff Vistan may have information essential to the determination of who should or may properly be named additional defendants in this action.

14. At all times relevant, Bryant Chua provided care to Anthony Virginelli while he was a prisoner within the Lake County jail.

15. Pursuant to 735 ILCS 5/2-402, Anthony Virginelli's counsel believes that Bryant Chua may have information essential to the determination of who should or may properly be named additional defendants in this action.

16. At all times relevant, Kyle Connor provided care to Anthony Virginelli while he was a prisoner within the Lake County jail.

17. Pursuant to 735 ILCS 5/2-402, Anthony Virginelli's counsel believes that Kyle Connor may have information essential to the determination of who should or may properly be named additional defendants in this action.

18. At all times relevant, Alla Chukhray, ANP provided care to Anthony Virginelli while he was a prisoner within the Lake County jail.

19. Pursuant to 735 ILCS 5/2-402, Anthony Virginelli's counsel believes that Alla Chukhray, ANP may have information essential to the determination of who should or may properly be named additional defendants in this action.

WHEREFORE, the plaintiff, Anthony Virginelli, asks that Jeff Vistan, Bryant Chua, Kyle Connor, and Alla Chukhray, ANP provide discovery pursuant to 735 ILCS 5/2-402.

### *Jury Demand*

The plaintiffs demand a trial by jury.

                                                                                   ANTHONY VIRGINELLI

                                         By:    /s/ David W. Hepplewhite
                                                       His Attorney

David W. Hepplewhite, P.C. #44541
135 South LaSalle Street, Suite 4000 Chicago, Illinois 60603
312-782-7500, 312-782-3674 facsimile, dwhpc@hepplewhitelaw.com

## **Affidavit**

I, David W. Hepplewhite, state:

1. I am an attorney with the law firm of David W. Hepplewhite, P.C. and duly licensed to practice law in the State of Illinois and in the District Court for the Northern District of Illinois.

2. I was unable to obtain a consultation required by subparagraph (a)(1) of 735 ILCS 5/2-622 because a statute of limitations would impair the action and the consultation required could not be obtained before the expiration of the statute of limitations.

3. I state that the amount of money damages sought in this case exceeds $75,000.00.

I declare under penalty of perjury under the laws of the United States of America and pursuant to 28 U.S.C. § 1746 that the statements set forth in this Affidavit are true and correct, except as to matters therein stated to be on information and belief and as to such matters I certify as aforesaid that I verily believes the same to be true.

/s/ David W. Hepplewhite
David W. Hepplewhite