## UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| ANTHONY VIRGINELLI, | |
| Plaintiff, | |
| v. | No. 19 cv 8025 |
| ARMOR CORRECTIONAL HEALTH SERVICES, INC., | Hon. John Z. Lee, District Judge |
| Defendant. | Hon. Jeffrey Cole, Magistrate Judge |
| JEFF VISTAN, BRYANT CHUA, KYLE CONNOR, and ALLA CHUKHRAY, ANP, | |
| Respondents in Discovery. | |

### ARMOR CORRECTIONAL HEALTH SERVICES, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant, ARMOR CORRECTIONAL HEALTH SERVICES, INC., ("Armor") by and through its attorneys CASSIDAY SCHADE LLP, and for its Memorandum of Law in Support of its Motion to Dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, hereby states as follows:

### INTRODUCTION

Plaintiff, a former inmate at the Lake County Jail, filed this cause of action against Armor alleging negligent treatment of his high blood pressure. Plaintiff claims that while incarcerated at the Lake County Jail in December 2017, and until an unspecified time thereafter, he did not receive proper medical treatment for his condition. In his Complaint (Doc. 1), Plaintiff alleged two counts—Count I for Negligence solely against Armor, and Count II attempting to improperly name several individuals as Respondents in Discovery. Only Count I is the subject of this Motion to Dismiss.

## **STANDARD**

The Court reviews a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) to determine whether the allegations in the complaint are sufficient to state a cause of action upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The well-pleaded allegations in the complaint are taken as true, and all reasonable inferences from those allegations are construed in a light most favorable to the nonmoving party. *Ray v. City of Chicago*, 629 F.3d 660, 662 (7th Cir. 2011); *Bielanski v. County of Kane*, 550 F.3d 632, 633 (7th Cir. 2008).

The question presented in a Rule 12(b)(6) motion to dismiss is whether the plaintiff has alleged facts sufficient to state a cause of action that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), (*quoting Bell Atlantic Corp.,* 550 U.S. 544, 570). In order to satisfy the plausibility standard, a plaintiff must plead specific facts that support the legal claims asserted in the complaint. *Id*. In other words, the plaintiff must plead facts sufficient to "raise a reasonable expectation that discovery will reveal evidence supporting the plaintiff's allegations." *Brooks v. Ross,* 578 F.3d 574, 581 (7th Cir. 2009), (*quoting Bell Atlantic Corp.*, 550 U.S. 544, 556).

While a plaintiff is not typically required to plead detailed factual allegations, the law demands more than an unadorned, "the-defendant-unlawfully-harmed-me accusation." *Ashcroft,* 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to withstand a 12(b)(6) motion to dismiss. *Id*. In order for a complaint to survive a motion to dismiss, it must contain sufficient factual allegations "which states a claim for relief that is plausible on its face." *Id.*

# ARGUMENT

Plaintiff has failed to meet his burden of pleading sufficient facts against Armor to state a claim upon which relief can be granted, and therefore Armor should be dismissed. Plaintiff's Complaint against Armor is utterly deficient on its face as the allegations are nothing more than a mere recital of the elements required to plead negligence. Specifically, Plaintiff's broad and generic allegations directed towards Armor do not suggest nor infer any theory of lability against Armor. Thus, his Complaint is deficient and fails to state a cause of action upon which relief can be granted.

### A. Plaintiff Has Failed to Allege a Cause of Action for Negligence Against Armor Correctional Health Services, Inc.

In Count I, Plaintiff has failed to plead any facts against Armor Correctional Health Services, Inc., that would entitle him to relief, and therefore Armor should be dismissed. In Illinois, a plaintiff asserting common negligence must establish "the existence of a duty owed by the defendant to the plaintiff, a breach of that duty, and an injury proximately caused by that breach." *Choate v. Ind. Harbor Belt R.R. Co.,* 2012 IL 112948 ¶ 22. Here, the Plaintiff has not established all required elements.

Plaintiff's allegations against Armor are contained in their entirety in Paragraphs 8 through 11 of Plaintiff's Complaint as follows:

> At all times relevant, Anthony Virginelli required treatment with medications, including blood-pressure medication, on a daily basis for his medical conditions, which included high blood pressure.
>
> At all times relevant, Armor Correctional owed Anthony Virginelli the duty of reasonable care.
>
> At all times relevant, Armor Correctional negligently and deviated from the standard of reasonable care by each of the following wrongful acts and omissions:
>
> (a)  it failed to provide the medications to Anthony Virginelli that he required;

3

>   (b)   it failed to understand the need of Anthony Virginelli for daily use of his medications;
>   (c)   its staff failed to communicate to other staff the nature of Anthony Virginelli's medications and his need for their daily use;
>   (d)   it failed to require evaluation of prisoners' medications upon arrival and thereafter while prisoners at the Lake County jail;
>   (e)   it failed to supervise properly and reasonably its staff at the Lake County jail regarding evaluation and administration of a prisoners' medications upon arrival and thereafter while prisoner at the Lake County jail;
>   (e)   [sic] it failed to confirm its staff's understanding and compliance with its rules, regulations, and directives regarding evaluation and administration of a prisoners' medications upon arrival and thereafter while prisoners at the Lake County jail; and
>   (f)   it failed to have proper-and-reasonable systems in place to identify and administer the medications that prisoners required upon arrival and thereafter while prisoners at the Lake County jail.
>
>   As a direct and proximate cause of each of the following wrongful acts and omissions, Anthony Virginelli was injured and incurred expense.

These conclusory allegations are nothing more than a recital of the elements of negligence. In considering "the plaintiff's factual allegations, courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Brooks v. Ross*, 578 F3d 574, 581 (7th Cir. 2009). Upon examination, all the Plaintiff has pled is an abstract recitation of the elements. He has casted a wide net of generic allegations in hopes of pleading a *prima facie* case with no clear indication of what theory of liability he intends to pursue. While courts must accept the plaintiff's factual allegations as true "some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim." *Id*. It's imperative that the claim be described "in sufficient detail to give the defendant 'fair notice of what the . . . claim is and the grounds upon which it rests.'" *E.E.O.C. v. Concentra Health Servs., Inc.,* 496 F.3d 773, 776 (7th Cir. 2007) (*quoting Twombly,* 550 U.S. at 555). The Complaint lacks the necessary details and notice, therefore, as a matter of law, Armor should be dismissed with prejudice.

4

**1.     Plaintiff provides no factual basis for his allegations that Armor failed to provide or understand the Plaintiff's need for his blood pressure medication as alleged in ¶10(a,b)**

Plaintiff alleges that Armor, a corporation, failed to provide blood pressure medications to the Plaintiff and failed to understand his needs. These baseless allegations are not supported by any other facts throughout the Complaint. (Doc. 1, ¶10(a,b)). Plaintiff does not explain how Armor Correctional Health Services, Inc., failed to provide his medication, and he also lacks any factual support regarding Armor's knowledge of his medical condition. These are naked assertions that do not link Armor to the allegations against it.

Moreover, if the Plaintiff is attempting to show that Armor is vicariously liable, he has missed the mark. There is not a single Armor employee named throughout the entire Complaint, rather, the Plaintiff resorts to using the ambiguous term "staff" to allege Armor is responsible for the claim raised against it. This broad term is not supported by a single factual allegation which would support the idea that Armor controls or has any relationship to the "staff" purported in the Complaint. Therefore, the Plaintiff lacks the necessary nexus to even present the theory of vicarious liability.

The Plaintiff's Complaint fails to establish any factual allegations to support any claim of negligence against Armor. In order to survive a motion to dismiss, Plaintiff's Complaint must contain sufficient factual allegations "which state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. at 678. Here, Plaintiff failed to state any facts that could make his conclusory allegations plausible, and the Court should find accordingly.

**2.     Plaintiff provides no factual basis for his allegations against Armor that its staff failed to communicate Plaintiff's medical needs to other staff as alleged in ¶10(c)**

Plaintiff alleges that Armor's "staff failed to communicate to other staff the nature of Anthony Virginelli's medications and his need for their daily use." (Doc. 1, ¶10(c)). Yet again,

5

Plaintiff does not state the name of a single Armor employee or "staff" member. Even more absurd, Plaintiff leaves it up to our imagination as to who "other staff" is. There's no clear indication that he is talking about Armor staff, Lake County Sheriff staff, or any other staff member that works at the Lake County Jail. All he has pled is another generic conclusory allegation in his wide cast net. Besides being conclusory, Plaintiff's allegations are simply too vague to put Armor on notice regarding which "staff" members, if any, failed to communicate and how. The Seventh Circuit has made it clear that the "first" thing Plaintiff's Complaint must do is "provide notice to defendants of [his] claims." *Brooks*, 578 F.3d at 581. Which Plaintiff's Complaint fails to do. Even when taking the allegation as true, as this Court is required to do, the allegation is too ambiguous to meet the low standard of properly pleading a *prima facie* case. As such, Armor should be dismissed.

**3. Plaintiff provides no factual basis for his allegations against Armor that it failed to supervise and confirm its staff followed and understood its policies regarding administration and evaluation of inmates' medications upon arrival and thereafter as alleged in ¶10(e,e)**

These allegations fail to support a claim of negligence against Armor and they are contrary to other facts in which Plaintiff relies on to establish his *prima facie* case. The Plaintiff claims that Armor "failed to require evaluation of prisoners' medications upon arrival and thereafter while prisoners at the Lake County jail." (Doc.1, ¶10(d). However, Plaintiff also claims that Armor "failed to supervise properly and reasonably its staff at the Lake County jail regarding evaluation and administration of a prisoners' medications upon arrival and thereafter while prisoner at the Lake County jail." (Doc. 1, ¶10(e). Both of these allegations cannot be taken as true because they negate each other. If one of them is true, than the other is not.

Additionally, the Plaintiff alleges that Armor "failed to confirm its staff's understanding and compliance with its rules, regulations, and directives regarding evaluation and administration

6

of a prisoners' medications upon arrival and thereafter while prisoners at the Lake County jail." (Doc. 1, ¶10(e). Yet, he provides no detail as to how and what rules, regulations, and directives caused his alleged injury. Also, both allegations in Paragraph 10(e) require some sort of action to be taken by Armor's staff, however, no Armor employees are named. Without properly naming an Armor employee there can be no supervision. In order to plead sufficiently what the Plaintiff is alleging, he needs to provide at the very least some factual support to show that Armor's "staff" was not properly supervised or failed to comply with Armor policies. He has not done that and his Complaint is deficient as a result.

**4.     Plaintiff provides no factual basis for his allegations against Armor that it failed to have proper systems in place to evaluate and supply inmates their medications upon arrival and thereafter as alleged in ¶10(d,f)**

Plaintiff's allegations that Armor failed to have proper systems in place for evaluations of inmates' medications and the disbursement of those medications is also conclusory and supported by no facts. Nowhere in the Complaint does Plaintiff allege that he wasn't evaluated upon his incarceration at the Lake County Jail and that failure caused him not to receive his medication. Moreover, he doesn't name or describe a single "system," and he fails to name a single Armor employee that followed these "systems." There is not enough detail in the baseless allegations to support a claim that Armor failed to have proper systems in place. A complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft*, 556 U.S. at 678 (*quoting Bell Atl. Corp*, 550 U.S. at 557). The Plaintiff's naked assertions are not enough to establish a claim for negligence.

## **CONCLUSION**

Therefore, Plaintiff has failed to state a claim upon which relief can be granted. The Complaint is deficient and lacks the necessary components to survive a 12(b)(6) motion to dismiss. Consequently, the Negligence claim against Armor should be dismissed.

WHEREFORE, Defendant Armor Correctional Health Services, Inc., respectfully requests that this Honorable Court enter an Order: (1) granting the instant Motion to Dismiss Plaintiff's Complaint; (2) dismissing Armor from Plaintiff's Complaint with prejudice; and (3) granting any other relief the Court deems just and proper.

                                              Respectfully submitted,

                                              CASSIDAY SCHADE LLP

                                              By: /s/Kyle M. Jorgensen
                                                  One of the Attorneys for Defendant, ARMOR CORRECTIONAL HEALTH SERVICES, INC.

Matthew H. Weller | 6278685
Ronald E. Neroda | 6297286
Kyle M. Jorgensen | 6332873
CASSIDAY SCHADE LLP
222 West Adams Street, Suite 2900
Chicago, IL 60606
(312) 641-3100
(312) 444-1669 (Fax)
mweller@cassiday.com
rneroda@cassiday.com
kjorgensen@cassiday.com